UNITED STATES DISTRICT COURT

JUDGE CROTTY

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL J. FORDE,
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

08 CV 4460

08 CV _____

**COMPLAINT**

Plaintiffs,

-against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC.,

RECEIVED
MAY 13 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Defendant.

-----------------------------------------------------------------------------------X

     Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

    1.    This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Kraus Drapery Installation, Inc. a/k/a KDI, Inc. ("Employer").

## JURISDICTION

    2.    This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and

section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Kraus Drapery Installation, Inc. a/k/a

KDI, Inc. is a foreign corporation incorporated under laws of the State of New Jersey with a

principal place of business located at 20 Washington Avenue, Whippany, New Jersey 07012.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.      Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.     Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 3, 2008 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.     The arbitrator found that Defendant had failed to make contributions due to the Benefit Funds for the period March 10, 2005 through May 31, 2005, in the principal amount of $15,912.07.

14.     The arbitrator also found that Defendant was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15.     The defendant has failed to abide by the award.

## SECOND CLAIM FOR RELIEF

16.     The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

17.    The Agreement provide, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

18.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

19.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

20.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 25, 2008. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "B" and made part hereof).

21.    The arbitrator found that Defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any books and records, for the period of June 1, 2005 through to date including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

22.    The arbitrator also found that Defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

23.    The defendant has failed to abide by the award.


WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration awards in all respects;

4

2.    For entry of judgment in favor of the Plaintiffs and against Kraus Drapery, Inc. a/k/a KDI, Inc. in the principal amount of $15,912.07 plus 10% interest per year from the date of the award to the date of entry of judgment;

3.    For entry of judgment in favor of the Plaintiffs ordering Kraus Drapery, Inc. a/k/a KDI, Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period June 1, 2005 through to date.

4.    For entry of judgment in favor of the Benefit Funds and against Kraus Drapery, Inc. a/k/a KDI, Inc. ordering Defendant to pay the Benefit Funds a total sum of $2,350.00 pursuant to the March 25, 2008 arbitrator's award.

5.    For attorneys' fees and costs of this action;

6.    For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
       May 12, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

5

# EXHIBIT A

**OFFICE OF THE IMPARTIAL ARBITRATOR**

---------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
                 And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

|                   |
|-------------------|
| AMENDED           |
| OPINION           |
| AND               |
| AWARD             |

               (Petitioners)

   -and-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, Inc.
                      (Employer)
---------------------------------------------X
BEFORE:  Robert Herzog, Esq.

     KRAUS DRAPERIES INSTALLATION INC. (hereinafter referred to as

the "Employer") and the United Brotherhood of Carpenters and Joiners

of America are parties to a Collective Bargaining Agreement, said

Collective Bargaining Agreement hereinafter referred to as the

"International Agreement" or "International Collective Bargaining

1

Agreement." Articles II and VI of the International Agreement, in part, read as follows:

> **Article II**
> Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ….

> **Article VI**
> … Any dispute relating to this Agreement may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures.

The incorporated by reference applicable collective bargaining agreement is the Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.[1]

The DC Agreement provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator. By operation of the International and DC Agreements, the Employer has agreed to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the International and DC Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a November 28, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the

---

[1] The Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America hereinafter shall be referred to as the "DC Agreement" or the "DC Collective Bargaining Agreement."

Funds for the period of March 10, 2005 through May 31, 2005 as required by the International and DC Collective Bargaining Agreements.

Notices of Hearing advised the Employer and the Petitioners that arbitration hearings were scheduled for January 11, 2008 and February 19, 2008.

On January 11, 2008 and February 19, 2008, at the place and times designated by the Notices of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners and Howard Rubin, Esq., of the Law Firm of Goetz Fitzpatrick LLP, appeared on behalf of the Employer. Also present at both hearings was James Kraus, an owner of the Employer entity. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.

Petitioners' witnesses' testimony can, in part, be summarized as follows:

- The International and DC Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the DC Agreement.

- The DC Collective Bargaining Agreement authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, accountants employed by the Funds, and with the consent of the Employer, performed an audit of the Employer's books and records.

The testimony of the Funds' auditors, Messrs. Omar Giordani and Roger Chu, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of March 10, 2005 through May 31, 2005. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditors Giordani and Chu's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency for the March 10, 2005 through May 31, 2005 period was four thousand nine hundred twenty-nine dollars and fifty-two cents ($4,929.52). The Petitioners requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the DC Collective Bargaining Agreement. Testimony computing these amounts was received into evidence.

The highlights of Owner Jim Kraus' testimony are as follows:

➢ Mr. Kraus and his wife are the shareholders/owners of the Employer entity.

➢ For some jobs, the Employer charged the client for labor at an hourly rate. Other clients were not charged labor at an hourly rate, but rather were charged on a flat per room rate.

➢ On the invoices where a per room rate was charged, the auditor arbitrarily converted the total per room charges into a number of hours. The auditor then multiplied the arbitrary hours number by the Funds' hourly contribution rate and determined a deficiency existed. The deficiency is not valid. Mr. Kraus, using pencil and paper and in his own handwriting, wrote what he believed the actual number of hours worked. The number of hours Mr. Kraus arrived at should be used, not the auditor's arbitrary number of hours.

➢ The total hours the auditor arrived at was 371 hours; the total hours Mr. Kraus arrived at was 147 hours. The Employer had already paid to the funds 199 hours worth of contributions. Thus, if anything, the Employer overpaid on its contributions to the Funds.

➢ On the Hampton Inn project, in each room a drape, sheer, and cornice had to be hung. From start to finish, each room would take 5 - 10 minutes. There were 25-35 rooms per floor and between

26 to 28 floors.  It would take 300 - 480 minutes, that is 5 - 8 hours to do one floor.

➤ No actual time records were ever memorialized on the jobs billed on a per room basis.  Mr. Kraus' estimate of hours charged on the per room basis is purely a guesstimate as he arrived at his "best guess" as to number of hours.


The DC Collective Bargaining Agreement is clear and unambiguous that fringe benefit fund contributions are based on **hours.**  The very first sentence of **Article XV, Fringe Benefit Funds, Section 1** states:  **"Every Employer covered by this Agreement shall make contributions for each hour worked ..."** [Emphasis supplied]  Reference is made to "per hour" or "hours" no less than six (6) additional times in the remainder of Article XV. Thus, the Employer was placed on notice of the necessity to keep accurate records of hours.  The Employer failure to keep accurate hourly records was done at the Employer's own peril.

Owner Kraus testified that the 147 hours is a guesstimate. Rather than relying on pure speculation as to hours worked during the audit period, parameters based on factual information should be established.  On the Employer's billing invoices charged at an hourly rate, at least seven (7) hour workdays were worked and charged:

| INVOICE # | DATE(S) WORKED | # OF HOURS CHARGED | AVERAGE # OF HOURS PER DAY |
|---|---|---|---|
| 1946 | Mar. 7,8,9,10,& 11, 2005 | 35 | 7 |
| | Mar. 12, 2005 | 7 | 7 |
| | Mar. 13, 2005 | 7 | 7 |
| 1944 | Mar. 21, 2005 (2 employees) | 14 | 7 |
| 1977 | Apr. 2, 2005 (2 employees) | 14 | 7 |
| 1992 | Apr. 26,27,28 & 29, 2005 (2 days, 2 employees) (1 day, 1 employee) | 28 7 | 7 7 |
| 1993 | May 2, 3 & 4, 2005 | 21 | 7 |
| 1914* | Feb. 18, 2005 | 7 @ "regular" time; 7 @ 1½ | 14 |
| | Feb. 19, 2005 | 14 @ 1½ | 14 |
| | Feb. 20, 2005 | 7 @ 2x | 7 |

*Outside of audit period.  Used only to establish pattern of hours worked per day.

The Employer's invoices overwhelmingly establish a pattern of at least 7 hours worked and charged each workday.  The established pattern then applies to workdays charged at a per room basis as well.

On the Employer's invoices billed on a per room basis, entries, such as handwritten notations and the number of days tolls for the Lincoln Tunnel were paid, are listed and duly noted.  Information extrapolation results in the following data based on the established 7 hour workday pattern.  Brackets indicate arrived at chargeable hours for client invoices where the per room method appears on said invoices:

| DATE AUDITED | HOURS WORKED FOR ALL EMPLOYEES | # OF DAYS TOLLS AND/OR PARKING LISTED | INVOICE # | COMMENT |
|---|---|---|---|---|
| 3/10 | 7 | T/P4 | 1946 | Kim billed @ hourly rate 5 days @ 7 hours / day[2] |
| 3/11 | 7 | T/P4 | 1946 | Kim billed @ hourly rate 5 days @ 7 hours / day |
| 3/12 | 7 | T/P4 | 1946 | Kim billed @ 7 hours @ 1½ hourly rate |
| 3/13 | 7 | T/P4 | 1946 | Kim billed @ 7 hours @ double time rate |
| 3/14 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day[3] |
| 3/15 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/16 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/17 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/18 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/19 | | | | |
| 3/20 | [14] | T/P3 | 1997 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 3/21 | 14 | T/P1 | 1944 | Billed hourly rate K for 7 hours & J for 7 hours |
| 3/22 | [14] | T/P3 | 1997 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 3/23 | [14] | T/P3/T/P2 | 1997 1980 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1997; Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1980; Overlap noted |
| 3/24 | [14] | T/P2 | 1980 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1980 |
| 3/25 | [14] | T/P2 | 1947 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1947 |
| 3/26 | | | | |
| 3/27 | | | | |
| 3/28 | [14] | T/P2 | 1947 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1947 |
| 3/29 | | | | |
| 3/30 | | | | |
| 3/31 | | | | |
| 4/1 | | | | |
| 4/2 | 14 | T/P1 | 1977 | Billed hourly rate K for 7 hours & J for 7 hours |
| 4/3 | | | | |
| 4/4 | | | | |
| 4/5 | | | | |
| 4/6 | [14] | T/P3 | 1985 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985 |

[2]  Audit period began 3/10/05.  Therefore, 7 hours each day on 3/7, 3/8 & 3/9/05 not included.
[3]  K refers to Kim; refers to Jim.

| 4/7 | [14] 14 | T/P3/T/P2 | 1985 1983 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985; Tolls & parking billed 2 days; W & J worked **2nd shift** 7 hours @ 1½ hourly rate per Invoice #1983 |
|-----|------|-----------|------|-----|
| 4/8 | [14] 14 | T/P3/T/P2 | 1985/1983 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985; Tolls & parking billed 2 days; W⁴ & J worked **2nd shift** 7 hours @ 1½ hourly rate per Invoice #1983 |
| 4/9 | | | | |
| 4/10 | | | | |
| 4/11 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/12 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/13 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/14 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/15 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/16 | | | | |
| 4/17 | | | | |
| 4/18 | [14] | T/P2 | 1990 | Tolls & parking billed 2 days; K & J worked 7 hours each day |
| 4/19 | [14] | T/P2 | 1990 | Tolls & parking billed 2 days; K & J worked 7 hours each day |
| 4/20 | | | | |
| 4/21 | | | | |
| 4/22 | | | | |
| 4/23 | | | | |
| 4/24 | | | | |
| 4/25 | | | | |
| 4/26 | 14 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate K for 7 hours J for 7 hours |
| 4/27 | 14 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate K for 7 hours & J for 7 hours |
| 4/28 | 7 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 4/29 | | | | |
| 4/30 | | | | |
| 5/1 | | | | |
| 5/2 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/3 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/4 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/5 | | | | |
| 5/6 | | | | |

---

⁴ Wayne Duddrige is denoted as "W."

| | | | | |
|------|------|------|------|------|
| 5/7 | | | | |
| 5/8 | | | | |
| 5/9 | | | | |
| 5/10 | | | | |
| 5/11 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/12 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/13 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/14 | | | | |
| 5/15 | | | | |
| 5/16 | | | | |
| 5/17 | | | | |
| 5/18 | | | | |
| 5/19 | | | | |
| 5/20 | | | | |
| 5/21 | | | | |
| 5/22 | | | | |
| 5/23 | | | | |
| 5/24 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/25 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/26 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/27 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/28 | | | | |
| 5/29 | | | | |
| 5/30 | | | | |
| | 532 | | | |

The number of hours for which the Funds were due contributions for the audited period is 532. The Employer paid for 199 hours. A deficiency for 333 hours exists. However, since the Funds sought contributions for 172 hours, contributions delinquencies are limited to the 172 hours.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1.  KRAUS DRAPERIES INSTALLATION INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the International and DC Collective Bargaining Agreements;

2.  KRAUS DRAPERIES INSTALLATION INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $ 4,929.52 |
| Interest Due | 1,463.48 |
| Liquidated Damages | 1,198.81 |
| Late Payment Interest | 117.80 |
| Promotional Fund | 29.68 |
| Court Costs | 350.00 |
| Audit Costs | 1,822.78 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 4,500.00 |
| TOTAL | $ 15,912.07 |

3.  KRAUS DRAPERIES INSTALLATION INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of fifteen thousand nine hundred twelve dollars and seven cents

($15,912.07) with interest to accrue at the rate of 10% from

March 24, 2008, the date of the original Award.

Dated: April 3, 2008                    Robert Herzog
                                        Arbitrator


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Dated: April 3, 2008                    Robert Herzog
                                        Arbitrator

To:  KRAUS DRAPERIES INSTALLATION INC.
     Attn: Ms. Kim Kraus, President
     20 Washington Avenue
     Whippany, New Jersey 07012

     Howard M. Rubin, Esq.
     Goetz Fitzpatrick LLP
     One Penn Plaza
     New York, New York 10119

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

12

# EXHIBIT B

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ORIGINAL**

```
-------------------------------------------X
```

In The Matter Of The Arbitration

   between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
     And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

       (Petitioners)

  -and-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, Inc.
         (Employer)

```
-------------------------------------------X
```

BEFORE: Robert Herzog, Esq.

**OPINION**

**AND**

**AWARD**

 KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC. (hereinafter

referred to as the "Employer") and the United Brotherhood of

Carpenters and Joiners of America are parties to a Collective

Bargaining Agreement, said Collective Bargaining Agreement

hereinafter referred to as the "International Agreement" or

"International Collective Bargaining Agreement." Articles II and VI

of the International Agreement, in part, read as follows:

**Article II**
   Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ....

**Article VI**
   ... Any dispute relating to this Agreement may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures.

The incorporated by reference applicable collective bargaining agreement is the Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.[1]

The DC Agreement provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator. By operation of the International and DC Agreements, the Employer has agreed to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the International and DC Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a January 29, 2008 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of June 1, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing advised the Employer

---

[1] The Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America hereinafter shall be referred to as the "DC Agreement" or the "DC Collective Bargaining Agreement."

and the Petitioners that an arbitration hearing was scheduled for February 19, 2008.

On February 19, 2008, at the place and time designated by the Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners and Howard Rubin, Esq., of the Law Firm of Goetz Fitzpatrick LLP, appeared on behalf of the Employer.  Also present at the hearing was James Kraus, an owner of the Employer entity. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.

Petitioners' witnesses' testimony can, in part, be summarized as follows:

- During the June 1, 2005 to date period, the Employer was bound to International and DC Agreements.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing

provision, the Employer did not consent to an audit of the Employer's books and records.

- At the February 19, 2008 hearing, a representation was made concerning an audit appointment for March 6, 2008. This Award was to be held in abeyance until March 7, 2008. If the Employer complies with the March 6, 2008 audit appointment, the Arbitrator would then be notified and no Award would be issued; if the Employer failed to comply with the March 6, 2008 audit appointment, this Award would then issue. As no notice of compliance has been received by the Arbitrator, this Award is being issued.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. is in violation of the terms of the International and DC Collective Bargaining Agreements;

2. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of June 1, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. shall pay to the Funds forthwith the Petitioners' counsel's fees, the

undersigned Arbitrator's fee, and all associated court costs in the following amounts:

|                    |             |
|--------------------|-------------|
| Court Costs        | $  350.00   |
| Attorney's Fee     | 1,500.00    |
| Arbitrator's Fee   | 500.00      |
|                    |             |
| TOTAL              | $2,350.00   |

4. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: March 25, 2008

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: March 25, 2008

To: Kraus Drapery Installation, Inc. a/k/a KDI, Inc.
    Attn: Ms. Kim Kraus, President
    20 Washington Avenue
    Whippany, New Jersey 07981

    Howard M. Rubin, Esq.
    Goetz Fitzpatrick LLP
    One Penn Plaza
    New York, New York 10119

Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014