UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY          08 CV 4460 (PAC)
DISTRICT COUNCIL OF CARPENTERS ANNUITY           ECF CASE
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN         **AFFIDAVIT OF COUNSEL**
RETRAINING, EDUCATIONAL AND INDUSTRY             **IN SUPPORT OF**
FUND, NEW YORK CITY DISTRICT COUNCIL OF          **DEFAULT JUDGMENT**
CARPENTERS CHARITY FUND, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA FUND and THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR- MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL
O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE, as
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

                         Plaintiffs,

            -against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A
KDI, INC.

                         Defendant.

-------------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

        ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

        1.      I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

2.    I submit this affidavit in support of plaintiffs' motion for default judgment against Kraus Drapery Installation, Inc. a/k/a KDI, Inc. ("Defendant"), confirming two arbitration awards against the Defendant, dated March 25, 2008 and April 3, 2008.

3.    Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.    Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

5.    Plaintiffs brought this action to collect unpaid employee benefit fund contributions and to compel production of books and records from Defendant, which were due and owing to plaintiffs pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.    A dispute arose during the period of the Agreement whereby Defendant failed to remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement.

7.    Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated April 3, 2008 determining said dispute. Upon information and belief, a copy of the award was sent to the defendant.

8.     The arbitrator found that Defendant was required to pay to the Funds $15,912.07, plus interest at the rate of ten percent (10%) per annum from the date of the award. (A copy of the award is annexed hereto as Exhibit "A").

9.     A dispute also arose during the period of the Agreement whereby Defendant failed to comply with obligations under the Agreement to produce its books and records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

10.     Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated March 25, 2008 determining said dispute. Upon information and belief, a copy of the award was sent to the defendant.

11.     The arbitrator found that Defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of June 1, 2005 through March 25, 2008, including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls. (A copy of the award is annexed hereto as Exhibit "B").

12.     The arbitrator also found that Defendant was required to pay the funds a total sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

13.     The defendant has failed to abide by both awards.

14.     Plaintiffs commenced this action on May 13, 2008 by filing a summons and complaint. (A copy is annexed hereto as Exhibit "C"). Plaintiffs subsequently served the

summons and complaint together with the Judge's rules upon Defendant by delivering one (1) true copy of the same to the Secretary of the State of New York on May 16, 2008, pursuant to Section 307 of New York Business Corporation Law and an affidavit of service was filed with the Court on May 23, 2008. (A copy is annexed hereto as Exhibit "D"). Plaintiffs completed service by mailing one (1) true copy thereof by registered mail with return receipt requested at the last known address of the corporation known to the plaintiffs on May 13, 2008 and an affidavit of service was filed on May 23, 2008. (A copy is annexed hereto as Exhibit "E").

15.     Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit "F").

16.     Plaintiffs seek a default judgment and order against Defendant and in favor of plaintiffs as follows:

a.  confirming the arbitrator's awards in all respects;

b.  awarding judgment for the plaintiffs and against Defendant in the principal amount of $15,912.07;

c.  interest of ten percent (10%) per annum on that amount from the date of said award, pursuant to the arbitrator's award;

d.  ordering Defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period June 1, 2005 through March 25, 2008.

e.   awarding judgment for the plaintiffs and against Defendant in the principal

amount of $2,350.00;

f.   attorneys' fees and costs arising out of this action as determined by the

court. (An Affidavit of Services is annexed hereto as Exhibit "G" and a

proposed Default Judgment is annexed hereto as Exhibit "H");

g.   such other and further relief as this Court may deem just and proper;

ANDREW GRABOIS (AG 3192)

Sworn to before me this
12th day of June, 2008

NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Jan 01, 20___

5

**OFFICE OF THE IMPARTIAL ARBITRATOR**

--------------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
              And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
                  (Petitioners)

    -and-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, Inc.
                      (Employer)
--------------------------------------------X

**AMENDED**

**OPINION**

**AND**

**AWARD**

BEFORE:  Robert Herzog, Esq.

    KRAUS DRAPERIES INSTALLATION INC. (hereinafter referred to as

the "Employer") and the United Brotherhood of Carpenters and Joiners

of America are parties to a Collective Bargaining Agreement, said

Collective Bargaining Agreement hereinafter referred to as the

"International Agreement" or "International Collective Bargaining

Agreement."  Articles II and VI of the International Agreement, in

part, read as follows:

> **Article II**
> Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ....
>
> **Article VI**
> ... Any dispute relating to this Agreement may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures.

The incorporated by reference applicable collective bargaining

agreement is the Independent Building Construction Agreement of the

District Council of New York City and Vicinity of the United

Brotherhood of Carpenters and Joiners of America.[1]

The DC Agreement provides for arbitration of disputes before

the undersigned Arbitrator as Impartial Arbitrator.  By operation of

the International and DC Agreements, the Employer has agreed to pay

contributions toward employee benefit funds (hereinafter

collectively referred to as the "Funds").  The Petitioners, as

beneficiaries of the International and DC Collective Bargaining

Agreements, have standing before the Arbitrator.  In accordance

therewith, the Petitioners, by a November 28, 2007 Notice of

Intention to Arbitrate, demanded arbitration.  The Funds alleged the

Employer failed to make sufficient benefit contributions to the

---

[1] The Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America hereinafter shall be referred to as the "DC Agreement" or the "DC Collective Bargaining Agreement."

Funds for the period of March 10, 2005 through May 31, 2005 as required by the International and DC Collective Bargaining Agreements.

Notices of Hearing advised the Employer and the Petitioners that arbitration hearings were scheduled for January 11, 2008 and February 19, 2008.

On January 11, 2008 and February 19, 2008, at the place and times designated by the Notices of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners and Howard Rubin, Esq., of the Law Firm of Goetz Fitzpatrick LLP, appeared on behalf of the Employer.  Also present at both hearings was James Kraus, an owner of the Employer entity.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.

Petitioners' witnesses' testimony can, in part, be summarized as follows:

- The International and DC Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the DC Agreement.

- The DC Collective Bargaining Agreement authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

3

- In accordance with this auditing provision, accountants employed by the Funds, and with the consent of the Employer, performed an audit of the Employer's books and records.

The testimony of the Funds' auditors, Messrs. Omar Giordani and Roger Chu, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of March 10, 2005 through May 31, 2005. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditors Giordani and Chu's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency for the March 10, 2005 through May 31, 2005 period was four thousand nine hundred twenty-nine dollars and fifty-two cents ($4,929.52). The Petitioners requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the DC Collective Bargaining Agreement. Testimony computing these amounts was received into evidence.

The highlights of Owner Jim Kraus' testimony are as follows:

➢ Mr. Kraus and his wife are the shareholders/owners of the Employer entity.

➢ For some jobs, the Employer charged the client for labor at an hourly rate. Other clients were not charged labor at an hourly rate, but rather were charged on a flat per room rate.

➢ On the invoices where a per room rate was charged, the auditor arbitrarily converted the total per room charges into a number of hours. The auditor then multiplied the arbitrary hours number by the Funds' hourly contribution rate and determined a deficiency existed. The deficiency is not valid. Mr. Kraus, using pencil and paper and in his own handwriting, wrote what he believed the actual number of hours worked. The number of hours Mr. Kraus arrived at should be used, not the auditor's arbitrary number of hours.

➢ The total hours the auditor arrived at was 371 hours; the total hours Mr. Kraus arrived at was 147 hours. The Employer had already paid to the funds 199 hours worth of contributions. Thus, if anything, the Employer overpaid on its contributions to the Funds.

➢ On the Hampton Inn project, in each room a drape, sheer, and cornice had to be hung. From start to finish, each room would take 5 - 10 minutes. There were 25-35 rooms per floor and between

26 to 28 floors.  It would take 300 - 480 minutes, that is 5 - 8 hours to do one floor.

➢ No actual time records were ever memorialized on the jobs billed on a per room basis.  Mr. Kraus' estimate of hours charged on the per room basis is purely a guesstimate as he arrived at his "best guess" as to number of hours.

The DC Collective Bargaining Agreement is clear and unambiguous that fringe benefit fund contributions are based on **hours.**  The very first sentence of **Article XV, Fringe Benefit Funds, Section 1** states:   **"Every Employer covered by this Agreement shall make contributions for each hour worked ..."** [Emphasis supplied]  Reference is made to "per hour" or "hours" no less than six (6) additional times in the remainder of Article XV. Thus, the Employer was placed on notice of the necessity to keep accurate records of hours.  The Employer failure to keep accurate hourly records was done at the Employer's own peril.

Owner Kraus testified that the 147 hours is a guesstimate. Rather than relying on pure speculation as to hours worked during the audit period, parameters based on factual information should be established.  On the Employer's billing invoices charged at an hourly rate, at least seven (7) hour workdays were worked and charged:

| INVOICE # | DATE(S) WORKED | # OF HOURS CHARGED | AVERAGE # OF HOURS PER DAY |
|---|---|---|---|
| 1946 | Mar. 7,8,9,10,& 11, 2005 | 35 | 7 |
| | Mar. 12, 2005 | 7 | 7 |
| | Mar. 13, 2005 | 7 | 7 |
| 1944 | Mar. 21, 2005 (2 employees) | 14 | 7 |
| 1977 | Apr. 2, 2005 (2 employees) | 14 | 7 |
| 1992 | Apr. 26,27,28 & 29, 2005 (2 days, 2 employees) (1 day, 1 employee) | 28 7 | 7 7 |
| 1993 | May 2, 3 & 4, 2005 | 21 | 7 |
| 1914* | Feb. 18, 2005 | 7 @ "regular" time; 7 @ 1½ | 14 |
| | Feb. 19, 2005 | 14 @ 1½ | 14 |
| | Feb. 20, 2005 | 7 @ 2x | 7 |

*Outside of audit period.  Used only to establish pattern of hours worked per day.

The Employer's invoices overwhelmingly establish a pattern of at least 7 hours worked and charged each workday.  The established pattern then applies to workdays charged at a per room basis as well.

On the Employer's invoices billed on a per room basis, entries, such as handwritten notations and the number of days tolls for the Lincoln Tunnel were paid, are listed and duly noted.  Information extrapolation results in the following data based on the established 7 hour workday pattern.  Brackets indicate arrived at chargeable hours for client invoices where the per room method appears on said invoices:

| DATE AUDITED | HOURS WORKED FOR ALL EMPLOYEES | # OF DAYS TOLLS AND/OR PARKING LISTED | INVOICE # | COMMENT |
|---|---|---|---|---|
| 3/10 | 7 | T/P4 | 1946 | Kim billed @ hourly rate 5 days @ 7 hours / day[2] |
| 3/11 | 7 | T/P4 | 1946 | Kim billed @ hourly rate 5 days @ 7 hours / day |
| 3/12 | 7 | T/P4 | 1946 | Kim billed @ 7 hours @ 1½ hourly rate |
| 3/13 | 7 | T/P4 | 1946 | Kim billed @ 7 hours @ double time rate |
| 3/14 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day[3] |
| 3/15 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/16 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/17 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/18 | [14] | T/P5 | 1943 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 3/19 | | | | |
| 3/20 | [14] | T/P3 | 1997 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 3/21 | 14 | T/P1 | 1944 | Billed hourly rate K for 7 hours & J for 7 hours |
| 3/22 | [14] | T/P3 | 1997 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 3/23 | [14] | T/P3/T/P2 | 1997 / 1980 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1997; Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1980; Overlap noted |
| 3/24 | [14] | T/P2 | 1980 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1980 |
| 3/25 | [14] | T/P2 | 1947 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1947 |
| 3/26 | | | | |
| 3/27 | | | | |
| 3/28 | [14] | T/P2 | 1947 | Tolls & parking billed 2 days; K & J worked 7 hours each day per Invoice #1947 |
| 3/29 | | | | |
| 3/30 | | | | |
| 3/31 | | | | |
| 4/1 | | | | |
| 4/2 | 14 | T/P1 | 1977 | Billed hourly rate K for 7 hours & J for 7 hours |
| 4/3 | | | | |
| 4/4 | | | | |
| 4/5 | | | | |
| 4/6 | [14] | T/P3 | 1985 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985 |

---

[2]  Audit period began 3/10/05.  Therefore, 7 hours each day on 3/7, 3/8 & 3/9/05 not included.

[3]  K refers to Kim; refers to Jim.

| 4/7 | [14]<br><br>14 | T/P3/T/P2 | 1985<br><br>1983 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985;<br>Tolls & parking billed 2 days; W & J worked **2nd shift** 7 hours @ 1½ hourly rate per Invoice #1983 |
|-----|-----|-----|-----|-----|
| 4/8 | [14]<br><br>14 | T/P3/T/P2 | 1985/1983 | Tolls & parking billed 3 days; K & J worked 7 hours each day per Invoice #1985; Tolls & parking billed 2 days; W<sup>4</sup> & J worked **2nd shift** 7 hours @ 1½ hourly rate per Invoice #1983 |
| 4/9 | | | | |
| 4/10 | | | | |
| 4/11 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/12 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/13 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/14 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/15 | [14] | T/P5 | 1989 | Tolls & parking billed 5 days; K & J worked 7 hours each day |
| 4/16 | | | | |
| 4/17 | | | | |
| 4/18 | [14] | T/P2 | 1990 | Tolls & parking billed 2 days; K & J worked 7 hours each day |
| 4/19 | [14] | T/P2 | 1990 | Tolls & parking billed 2 days; K & J worked 7 hours each day |
| 4/20 | | | | |
| 4/21 | | | | |
| 4/22 | | | | |
| 4/23 | | | | |
| 4/24 | | | | |
| 4/25 | | | | |
| 4/26 | 14 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate K for 7 hours & J for 7 hours |
| 4/27 | 14 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate K for 7 hours & J for 7 hours |
| 4/28 | 7 | T/P3 | 1992 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 4/29 | | | | |
| 4/30 | | | | |
| 5/1 | | | | |
| 5/2 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/3 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/4 | 7 | T/P3 | 1993 | Tolls & parking billed 3 days; Billed hourly rate J for 7 hours |
| 5/5 | | | | |
| 5/6 | | | | |

<sup>4</sup> Wayne Duddrige is denoted as "W."

| | | | | |
|---|---|---|---|---|
| 5/7 | | | | |
| 5/8 | | | | |
| 5/9 | | | | |
| 5/10 | | | | |
| 5/11 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/12 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/13 | [14] | T/P3 | 1994 | Tolls & parking billed 3 days; K & J worked 7 hours each day |
| 5/14 | | | | |
| 5/15 | | | | |
| 5/16 | | | | |
| 5/17 | | | | |
| 5/18 | | | | |
| 5/19 | | | | |
| 5/20 | | | | |
| 5/21 | | | | |
| 5/22 | | | | |
| 5/23 | | | | |
| 5/24 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/25 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/26 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/27 | [14] | T/P4 | 1998 | Tolls & parking billed 4 days; K & J worked 7 hours each day |
| 5/28 | | | | |
| 5/29 | | | | |
| 5/30 | | | | |
| | 532 | | | |

The number of hours for which the Funds were due contributions for the audited period is 532.  The Employer paid for 199 hours.  A deficiency for 333 hours exists.  However, since the Funds sought contributions for 172 hours, contributions delinquencies are limited to the 172 hours.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1.  KRAUS DRAPERIES INSTALLATION INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the International and DC Collective Bargaining Agreements;

2.  KRAUS DRAPERIES INSTALLATION INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Principal Due | $ 4,929.52 |
| Interest Due | 1,463.48 |
| Liquidated Damages | 1,198.81 |
| Late Payment Interest | 117.80 |
| Promotional Fund | 29.68 |
| Court Costs | 350.00 |
| Audit Costs | 1,822.78 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 4,500.00 |
| TOTAL | $ 15,912.07 |

3.  KRAUS DRAPERIES INSTALLATION INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of fifteen thousand nine hundred twelve dollars and seven cents

($15,912.07) with interest to accrue at the rate of 10% from

March 24, 2008, the date of the original Award.

Dated: April 3, 2008

Robert Herzog
Arbitrator


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Dated: April 3, 2008

Robert Herzog
Arbitrator

To:  KRAUS DRAPERIES INSTALLATION INC.
     Attn: Ms. Kim Kraus, President
     20 Washington Avenue
     Whippany, New Jersey 07012

     Howard M. Rubin, Esq.
     Goetz Fitzpatrick LLP
     One Penn Plaza
     New York, New York 10119

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

**OFFICE OF THE IMPARTIAL ARBITRATOR**

**ORIGINAL**

-------------------------------------------X

In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
             And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                (Petitioners)

    -and-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, Inc.
                 (Employer)

-------------------------------------------X

BEFORE: Robert Herzog, Esq.

OPINION

AND

AWARD

    KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC. (hereinafter

referred to as the "Employer") and the United Brotherhood of

Carpenters and Joiners of America are parties to a Collective

Bargaining Agreement, said Collective Bargaining Agreement

hereinafter referred to as the "International Agreement" or

"International Collective Bargaining Agreement." Articles II and VI

of the International Agreement, in part, read as follows:

**Article II**
        **Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ….**

**Article VI**
        **… Any dispute relating to this Agreement may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures.**

The incorporated by reference applicable collective bargaining agreement is the Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.[1]

        The DC Agreement provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator. By operation of the International and DC Agreements, the Employer has agreed to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the International and DC Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a January 29, 2008 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of June 1, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing advised the Employer

---

[1] The Independent Building Construction Agreement of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America hereinafter shall be referred to as the "DC Agreement" or the "DC Collective Bargaining Agreement."

and the Petitioners that an arbitration hearing was scheduled for
February 19, 2008.

On February 19, 2008, at the place and time designated by the
Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the
Petitioners and Howard Rubin, Esq., of the Law Firm of Goetz
Fitzpatrick LLP, appeared on behalf of the Employer.  Also present
at the hearing was James Kraus, an owner of the Employer entity.
Full opportunity was afforded the parties present to be heard, to
offer evidence, and to examine witnesses.


Petitioners' witnesses' testimony can, in part, be summarized
as follows:

- During the June 1, 2005 to date period, the Employer was bound to
  International and DC Agreements.
- The Collective Bargaining Agreements obligated the Employer to
  make certain payments to Fringe Benefit Trust Funds on behalf of
  all its carpenter employees pursuant to schedules set forth in the
  Agreements.
- The Collective Bargaining Agreements authorized the Funds to
  conduct an audit of the Employer's books and records in order to
  verify that all the required contributions were made to each of
  the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant,
  employed by the Funds, sought to conduct an audit of the
  Employer's books and records.  In violation of this auditing

provision, the Employer did not consent to an audit of the Employer's books and records.

- At the February 19, 2008 hearing, a representation was made concerning an audit appointment for March 6, 2008. This Award was to be held in abeyance until March 7, 2008. If the Employer complies with the March 6, 2008 audit appointment, the Arbitrator would then be notified and no Award would be issued; if the Employer failed to comply with the March 6, 2008 audit appointment, this Award would then issue. As no notice of compliance has been received by the Arbitrator, this Award is being issued.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. is in violation of the terms of the International and DC Collective Bargaining Agreements;

2. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of June 1, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. shall pay to the Funds forthwith the Petitioners' counsel's fees, the

undersigned Arbitrator's fee, and all associated court costs in

the following amounts:

|  |  |
|---|---|
| Court Costs | $  350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. Kraus Drapery Installation, Inc. a/k/a KDI, Inc. shall pay to

the District Council Carpenters Benefit Funds the aggregate

amount of two thousand three hundred fifty dollars ($2,350.00)

with interest to accrue at the rate of 10% from the date of

this Award.

Robert Herzog
Arbitrator

Dated: March 25, 2008


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: March 25, 2008


To: Kraus Drapery Installation, Inc. a/k/a KDI, Inc.
    Attn: Ms. Kim Kraus, President
    20 Washington Avenue
    Whippany, New Jersey 07981

    Howard M. Rubin, Esq.
    Goetz Fitzpatrick LLP
    One Penn Plaza
    New York, New York 10119

Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 4460

**SUMMONS**

Plaintiffs,

-against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC.,

Defendant.
------------------------------------------------------------------------X

TO:    Kraus Drapery Installation, Inc. a/k/a KDI, Inc.
       20 Washington Avenue
       Whippany, NJ 07012

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

O'DWYER & BERNSTIEN, LLP
52 Duane Street
New York, New York 10007
(212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

**J. MICHAEL McMAHON**

CLERK

MAY 1 3 2008

_____
DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL J. FORDE,
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

08 CV 4460

08 CV _____

**COMPLAINT**

Plaintiffs,

-against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC.,

Defendant.

RECEIVED
MAY 13 2008
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

1.    This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Kraus Drapery Installation, Inc. a/k/a KDI, Inc. ("Employer").

## JURISDICTION

2.    This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and

section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

### VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

### PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Kraus Drapery Installation, Inc. a/k/a

KDI, Inc. is a foreign corporation incorporated under laws of the State of New Jersey with a

principal place of business located at 20 Washington Avenue, Whippany, New Jersey 07012.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

2

## FIRST CLAIM FOR RELIEF

9.      Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.     Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 3, 2008 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.     The arbitrator found that Defendant had failed to make contributions due to the Benefit Funds for the period March 10, 2005 through May 31, 2005, in the principal amount of $15,912.07.

14.     The arbitrator also found that Defendant was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15.     The defendant has failed to abide by the award.

## SECOND CLAIM FOR RELIEF

16.     The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

3

17.    The Agreement provide, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

13.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

19.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

20.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 25, 2008. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "B" and made part hereof).

21.    The arbitrator found that Defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any books and records, for the period of June 1, 2005 through to date including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

22.    The arbitrator also found that Defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

23.    The defendant has failed to abide by the award.


WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration awards in all respects;

4

2.      For entry of judgment in favor of the Plaintiffs and against Kraus Drapery, Inc. a/k/a KDI, Inc. in the principal amount of $15,912.07 plus 10% interest per year from the date of the award to the date of entry of judgment;

3.      For entry of judgment in favor of the Plaintiffs ordering Kraus Drapery, Inc. a/k/a KDI, Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period June 1, 2005 through to date.

4.      For entry of judgment in favor of the Benefit Funds and against Kraus Drapery, Inc. a/k/a KDI, Inc. ordering Defendant to pay the Benefit Funds a total sum of $2,350.00 pursuant to the March 25, 2008 arbitrator's award.

5.      For attorneys' fees and costs of this action;

6.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
         May 12, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

5

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 CIV 4460                                                Purchased/Filed: May 13, 2008

STATE OF NEW YORK        UNITED STATES DISTRICT COURT                        SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al*                Plaintiff

against

*Kraus Drapery Installation, Inc. A/K/A KDI, Inc.*                        Defendant

---

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ May 16, 2008 _____ , at __ 2:00pm __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibits with Judges Rules

on

_____ Kraus Drapery Installation, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __ 1 __ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _____ 40 _____ dollars; That said service

was made pursuant to Section __ 307 Business Corporation Law __ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __ 43 __    Approx. Wt: __ 118 __    Approx. Ht: __ 5' __

Color of skin: __ White __    Hair color: __ Brown __    Sex: __ F __    Other: _____

Sworn to before me on this

__ 20th __ day of _____ May, 2008

_____
DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

_____
Jessica  Miller

Invoice•Work Order # SP0804746

*SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*

STATE OF NEW YORK        )
                                                     SS.:
COUNTY OF NEW YORK   )

RICH GAGE, being sworn, says: I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York. On the 13th day of May, 2008, I served the Plaintiffs' **SUMMONS, COMPLAINT AND JUDGES' RULES** to the following parties by depositing a true copy thereof in a post-paid wrapper, registered mail with return receipt requested, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

TO:     Kraus Drapery Installation, Inc. a/k/a KDI, Inc.
        20 Washington Avenue
        Whippany, NJ 07012

RICH GAGE

Sworn to before me this
14th day of May, 2008

NOTARY PUBLIC
NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY DISTRICT COUNCIL          08 CV 4460 (PAC)
OF CARPENTERS ANNUITY FUND, NEW YORK CITY             ECF CASE
DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL          **CLERKS**
OF CARPENTERS CHARITY FUND, UNITED                    **CERTIFICATE**
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA FUND and THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                              Plaintiffs,

                    -against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC.,

                              Defendant.
-------------------------------------------------------------------------------X

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on May 13, 2008 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, Kraus Drapery

Installation, Inc. a/k/a KDI, Inc., on May 16, 2008, by delivering one (1) true copy thereof to Carol Vogt, an

authorized clerk in the Office of the Secretary of State of the State of New York, and proof of service being

filed on May 23, 2008, and by registered mail to Kraus Drapery Installation, Inc. a/k/a KDI, Inc., 20

Washington Avenue, Whippany, New Jersey 07012 on May 13, 2008, and proof of service being filed on May

23, 2008.

      I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein. The default of the defendant is hereby noted.

Dated: _June 12, 2008_
      New York, New York

                                    **J. MICHAEL MCMAHON**
                                        Clerk of the Court
                              By:_____
                                          Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS ANNUITY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS  APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS CHARITY FUND,
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA FUND and THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE and PAUL
O'BRIEN, as TRUSTEES, AND MICHAEL J. FORDE AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 4460 (PAC)
ECF CASE

**AFFIDAVIT OF
SERVICES**

                                    Plaintiffs,
            -against-

KRAUS DRAPERY INSTALLATION, INC. A/K/A KDI, INC.,

                                    Defendant.
-------------------------------------------------------------------------X
STATE OF NEW YORK          )
                                       :SS.:
COUNTY OF NEW YORK     )


ANDREW GRABOIS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On May 12, 2008, Rich Gage, a paralegal in this office, drafted a complaint, cover sheet and

other required documents.  He spent 0.5 hours on this matter at a billing rate of $125.00 per hour, for a

total of $62.50 in attorneys' fees.

3. On May 12, 2008, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On May 13, 2008, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour, for a total of $125.00 in attorneys' fees.

5. On May 13, 2008, Mr. Gage prepared and filed the aforementioned documents on the Electronic Case Filing system. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

6. On May 13, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process through the Department of State. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

7. On May 13, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process by registered mail. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

8. On May 23, 2008, Mr. Gage prepared and filed the affidavits of service with the Court and on the ECF system. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

9. On June 12, 2008, Mr. Gage drafted the required default documents, including a proposed default judgment and order and affidavit of services rendered. He spent a total of 4.0 hours on this matter at a billing rate of $125.00 per hour for a total of $500.00 in attorneys' fees.

10. On June 12, 2008, your deponent reviewed and finalized the aforementioned default documents over 0.5 hours, at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

11. The cost of the process server to effectuate service of process was $74.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,412.50 and costs arising out of this action in the amount of $74.00 for a total of $1,486.50

ANDREW GRABOIS (AG 3192)

Sworn to before me this
12th day of June, 2008

NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Jan 01, 20/0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERIC FUND and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, by MICHAEL J.
FORDE and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 4460 (PAC)
ECF CASE

**DEFAULT JUDGMENT**

                                    Plaintiffs,

              -against-

KRAUS DRAPERY INSTALLATION, INC.
A/K/A KDI, INC.,

                                    Defendant.
------------------------------------------------------------------------X

This action having been commenced on May 13, 2008 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant Rodgers

Construction & Home Improvement on May 16, 2008 by delivering one (1) true copy of the same to

the Secretary of the State of New York, pursuant to Section 307(b) of New York Business Corporation

Law, and a proof of service having been filed on May 23, 2008, and by registered mail on May 13,

2008, and proof of service having been filed on May 23, 2008, and the defendant not having answered

the Complaint, and the time for answering the Complaint having expired, and the Clerk of the Court

having issued its certificate of default on June 12, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiff have judgment against

Defendant, pursuant to the arbitration award, in the principal amount of $15,912.07 plus interest of ten

percent (10%) per annum from the date of said award, April 3, 2008, through the date of entry of this

judgment, totaling _____, and in the liquidated amount of $2,350.00 representing costs

and fees arising out of the March 25, 2008 arbitration in addition to attorneys' fees and costs in the

amount of $1,486.50 for a total of _____, and that Kraus Drapery Installation, Inc. a/k/a

KDI, Inc. and its officers are ordered to produce any and all books and records relating to Kraus

Drapery Installation, Inc. a/k/a KDI, Inc. for the period of June 1, 2005 through to March 25, 2008.


Dated: _____
         New York, New York


                                        _____
                                        Honorable Paul A. Crotty
                                        United States District Judge

                                        This document was entered on the docket
                                        on _____.

2

STATE OF NEW YORK    )
                  :SS.:
COUNTY OF NEW YORK  )

RICH GAGE, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York. On the 12th day of June, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    Kraus Drapery Installation, Inc. a/k/a KDI, Inc.
          20 Washington Avenue
          Whippany, NJ 07012

RICH GAGE

Sworn to before me this
12th day of June, 2008

NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 03HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011